IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, AND THE STATES OF CALIFORNIA, FLORIDA, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEW JERSEY, NEW MEXICO, NEW YORK, AND TENNESSEE, AND THE DISTRICT OF COLUMBIA, each ex rel. LYNNTOYA WASHINGTON and MICHAEL T. MAHONEY, <br><br>  Plaintiffs, <br><br>  v. <br><br> EDUCATION MANAGEMENT CORPORATION; EDUCATION MANAGEMENT HOLDINGS LLC; EDUCATION MANAGEMENT LLC; THE ART INSTITUTE OF CALIFORNIA – HOLLYWOOD; THE ART INSTITUTE OF CALIFORNIA – INLAND EMPIRE; THE ART INSTITUTE OF CALIFORNIA – LOS ANGELES; THE ART INSTITUTE OF CALIFORNIA – ORANGE COUNTY; THE ART INSTITUTE OF CALIFORNIA – SACRAMENTO; THE ART INSTITUTE OF CALIFORNIA – SAN DIEGO; THE ART INSTITUTE OF CALIFORNIA – SAN FRANCISCO; THE ART INSTITUTE OF CALIFORNIA – SUNNYVALE; ARGOSY UNIVERSITY, INLAND EMPIRE; ARGOSY UNIVERSITY, ORANGE COUNTY; ARGOSY UNIVERSITY, SAN DIEGO; ARGOSY UNIVERSITY, SAN FRANCISCO; ARGOSY UNIVERSITY, SANTA MONICA; WESTERN STATE UNIVERSITY COLLEGE OF LAW; THE ART INSTITUTE OF FORT LAUDERDALE; THE ART INSTITUTE OF JACKSONVILLE; THE ART INSTITUTE OF TAMPA; MIAMI INTERNATIONAL UNIVERSITY OF ART & DESIGN; ARGOSY UNIVERSITY, SARASOTA; ARGOSY UNIVERSITY, TAMPA; SOUTH UNIVERSITY/WEST PALM BEACH; SOUTH UNIVERSITY/TAMPA; BROWN MACKIE COLLEGE – MIAMI; THE ILLINOIS INSTITUTE OF ART – CHICAGO; THE ILLINOIS INSTITUTE OF ART – | Civil Action <br> No. 07-CV-461 <br><br><br><br> MEMORANDUM ORDER OF COURT |

SCHAUMBERG; ARGOSY UNIVERSITY, )
CHICAGO; ARGOSY UNIVERSITY, )
SCHAUMBURG; BROWN MACKIE )
COLLEGE – MOLINE; THE ART )
INSTITUTE OF INDIANAPOLIS; BROWN )
MACKIE COLLEGE – MERRILLVILLE; )
BROWN MACKIE COLLEGE – MICHIGAN )
CITY; BROWN MACKIE COLLEGE – FORT )
WAYNE; BROWN MACKIE COLLEGE – )
SOUTH BEND; BROWN MACKIE COLLEGE )
– INDIANAPOLIS; THE ART INSTITUTES )
INTERNATIONAL MINNESOTA; ARGOSY )
UNIVERSITY, TWIN CITIES; BROWN )
MACKIE COLLEGE – ALBUQUERQUE; )
THE ART INSTITUTE OF NEW YORK CITY; )
THE ART INSTITUTE OF TENNESSEE – )
NASHVILLE; ARGOSY UNIVERSITY, )
NASHVILLE; THE ART INSTITUTE OF )
ATLANTA; THE ART INSTITUTE OF )
ATLANTA – DECATUR; THE ART )
INSTITUTE OF AUSTIN; THE ART )
INSTITUTE OF CHARLESTON; THE ART )
INSTITUTE OF CHARLOTTE; THE ART )
INSTITUTE OF COLORADO; THE ART )
INSTITUTE OF DALLAS; THE ART )
INSTITUTE OF FORT WORTH; THE ART )
INSTITUTE OF HOUSTON; THE ART )
INSTITUTE OF HOUSTON – NORTH; THE )
ART INSTITUTE OF LAS VEGAS; THE ART )
INSTITUTE OF MICHIGAN; THE ART )
INSTITUTE OF OHIO – CINCINNATI; THE )
ART INSTITUTE OF PHILADELPHIA; THE )
ART INSTITUTE OF PHOENIX; THE ART )
INSTITUTE OF PITTSBURGH; THE ART )
INSTITUTE OF PORTLAND; THE ART )
INSTITUTE OF RALEIGH – DURHAM; THE )
ART INSTITUTE OF SAN ANTONIO; THE )
ART INSTITUTE OF SALT LAKE CITY; )
THE ART INSTITUTE OF SEATTLE; THE )
ART INSTITUTE OF TUCSON; THE ART )
INSTITUTE OF VANCOUVER; THE ART )
INSTITUTE OF VIRGINIA BEACH; THE )
ART INSTITUTE OF WASHINGTON; THE )
ART INSTITUTE OF WASHINGTON – )
NORTHERN VIRGINIA; THE ART )
INSTITUTE OF WISCONSIN; THE ART )
INSTITUTE OF YORK – PENNSYLVANIA; )
THE ART INSTITUTES INTERNATIONAL – )
KANSAS CITY; THE NEW ENGLAND )
INSTITUTE OF ART; ARGOSY )

| | |
|---|---|
| **UNIVERSITY, ATLANTA; ARGOSY** | ) |
| **UNIVERSITY, DALLAS; ARGOSY** | ) |
| **UNIVERSITY, DENVER; ARGOSY** | ) |
| **UNIVERSITY, HONOLULU; ARGOSY** | ) |
| **UNIVERSITY, PHOENIX; ARGOSY** | ) |
| **UNIVERSITY, SALT LAKE CITY; ARGOSY** | ) |
| **UNIVERSITY, WASHINGTON D.C.; SOUTH** | ) |
| **UNIVERSITY/SAVANNAH; SOUTH** | ) |
| **UNIVERSITY/MONTGOMERY; SOUTH** | ) |
| **UNIVERSITY/COLUMBIA; SOUTH** | ) |
| **UNIVERSITY/RICHMOND; SOUTH** | ) |
| **UNIVERSITY/NOVI; SOUTH** | ) |
| **UNIVERSITY/VIRGINIA BEACH; BROWN** | ) |
| **MACKIE COLLEGE – AKRON; BROWN** | ) |
| **MACKIE COLLEGE – CINCINNATI;** | ) |
| **BROWN MACKIE COLLEGE – FINDLAY;** | ) |
| **BROWN MACKIE COLLEGE – NORTHERN** | ) |
| **KENTUCKY; BROWN MACKIE COLLEGE –** | ) |
| **NORTH CANTON; BROWN MACKIE** | ) |
| **COLLEGE – ATLANTA; BROWN MACKIE** | ) |
| **COLLEGE – KANSAS CITY; BROWN** | ) |
| **MACKIE COLLEGE – SALINA; BROWN** | ) |
| **MACKIE COLLEGE – LOUISVILLE;** | ) |
| **BROWN MACKIE COLLEGE –** | ) |
| **HOPKINSVILLE; BROWN MACKIE** | ) |
| **COLLEGE – TUCSON; BROWN MACKIE** | ) |
| **COLLEGE – BOISE; BROWN MACKIE** | ) |
| **COLLEGE – TULSA; BROWN MACKIE** | ) |
| **COLLEGE – PHOENIX; BROWN MACKIE** | ) |
| **COLLEGE – GREENVILLE; BROWN** | ) |
| **MACKIE COLLEGE – ST. LOUIS; BROWN** | ) |
| **MACKIE COLLEGE – SAN ANTONIO,** | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

# MEMORANDUM ORDER OF COURT

Pending before the Court is the MOTION FOR LEAVE TO INTERVENE OF THE COMMONWEALTH OF KENTUCKY, EX. REL. JACK CONWAY, ATTORNEY GENERAL (Document No. 129), with an attached draft complaint and brief in support. Defendants (collectively "EDMC") filed a brief in opposition (Document No. 134), the Commonwealth of Kentucky ("Kentucky") filed a reply brief (Document No. 137), and the motion is ripe for disposition.

This massive case involves the practices by which EDMC compensates its employees who recruit new students for enrollment in its online educational institutions. Plaintiffs allege that EDMC made false claims and statements about these compensation practices in order to participate in federal student aid programs. Plaintiffs allege that EDMC and/or students enrolled in its institutions have received over eleven billion dollars ($11,000,000,000) in federal funds through these programs since July 2003.

A qui tam action was originally filed in 2007 by relator Lynntoya Washington, a former Assistant Director of Admissions at EDMC's Art Institute of Pittsburgh Online Division, pursuant to the federal False Claims Act, 31 U.S.C. § 3730(b)(1), and various state-equivalent false claims acts. The original complaint and first amended complaint of Ms. Washington were brought on behalf of the United States and numerous states, including Kentucky. On April 1, 2011, Ms. Washington and another relator-plaintiff, Michael Mahoney (collectively, the "Relators"), filed a Second Amended Complaint (Document No. 84) on behalf of the United States and a smaller number of states, which did not include Kentucky.

On April 29, 2011, after numerous extensions of time, the United States filed a Notice of its Election to Intervene in this case. California, Florida, Illinois and Indiana also filed notices of intervention as of right, pursuant to their respective state-equivalent false claims acts. On August 8, 2011 the United States, California, Florida, Illinois and Indiana (the "Intervenors"), filed a 16-count Joint Complaint in Intervention. In addition to claims under the federal and state false claims acts, the Intervenors assert claims for mistake of fact, unjust

4

enrichment, and common law fraud. On September 22, 2011, the State of Minnesota intervened pursuant to its state-equivalent false claims act.

Kentucky does not have a state law equivalent to the federal false claims act. Nevertheless, Kentucky seeks leave to intervene to file a three-count complaint which asserts the following claims: (1) violation of the Kentucky Consumer Protection Law, KRS § 367.170; (2) Mistake of Fact; and (3) Unjust Enrichment.

Kentucky's motion is based on Fed. R. Civ. P. 24(b)(1), which provides that a court "may" permit intervention by any person who is given a conditional right to do so by a federal statute or who "has a claim or defense that shares with the main action a common question of law or fact."[1] The decision of the Court is "highly discretionary." *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir.1992). In exercising its discretion, the Court must consider whether intervention will cause undue delay or prejudice the rights of the original parties. Fed. R. Civ. P. 24(b)(3).

An argument advanced by Defendants is that Kentucky's motion to intervene should be denied because it presents unique claims which have little in common with the existing claims. This argument is not convincing. Two of the claims which Kentucky seeks leave to assert (mistake of fact and unjust enrichment) are identical to theories already raised by the Intervenors. However, although the "consumer protection" claim arises out of the same series of transactions or occurrences and has a number of issues of fact in common with the original false claims act theories, it has been brought under a completely different consumer protection statute. In addition, Kentucky has a conditional statutory right to intervene pursuant to 31 U.S.C. § 3732(b). Accordingly, Kentucky's motion is arguably within the Court's discretion to permit intervention.

Defendants also contest intervention on the basis that Kentucky's legal theory raises an unprecedented and complex issue of state law. Specifically, Defendants argue that the Commonwealth of Kentucky is not a "person" entitled to protection under Kentucky's "Consumer Protection Act," citing *Commonwealth v. Aubrey*, 2010 WL 4668976 (Ky. App. 2010) (Commonwealth not a "person" under the Kentucky Declaratory Judgment

---

[1] The Court may also permit intervention by a state governmental officer pursuant to Fed. R. Civ. P. 24(b)(2) if a party's claim or defense is based on a statute, regulation or order administered by that officer. Kentucky has not sought intervention on this basis.

5

Act). In its reply brief, Kentucky vigorously responded to the merits of EDMC's argument, and submitted the opinion in *Commonwealth v. Alpharma USPD, Inc.*, No. 04-CI-1487 (Franklin Circuit Ct., January 19, 2011), which rejected a similar argument.

This Court need not resolve the parties' contentions as to whether or not the Commonwealth is a "person" within the meaning of Kentucky's consumer protection law on the merits. It is sufficient to recognize that there is an important and unresolved issue of state law. It is instructive that in support of its position, Kentucky cites only to a trial-level court opinion and to authority from other states, while Defendants rely on an intermediate appellate court case. As a practical matter, discretionary review of a similar issue is now being considered by the Kentucky Supreme Court in *Aubrey*, 2010 WL 4668976. *See* Kentucky Reply Brief at 5 n. 3. Of course, *Aubrey* may or may not be dispositive of that issue in this case. Fundamentally, it is the Kentucky Supreme Court, not this Court, which should ultimately determine the scope of the Kentucky Consumer Protection Act.

The Court concludes that permissive intervention by a state or commonwealth that does not have a False Claims Act equivalent to 31 U.S.C. 3730 is not warranted under the circumstances of this matter. This case is already over four years old and the addition of "consumer protection" claims would cause further delay and prejudice to the existing parties. Numerous states have "consumer protection" statutes, which may differ in material respects. In addition, it is possible, and perhaps likely, that different jurisdictions may reach different conclusions as to whether a "consumer protection" claim is viable under the facts and circumstances of this case. This Court concludes that the decision should be reserved to each jurisdiction, rather than subsumed within this case.

Accordingly, the MOTION FOR LEAVE TO INTERVENE OF THE COMMONWEALTH OF KENTUCKY, EX. REL. JACK CONWAY, ATTORNEY GENERAL (Document No. 129) is **DENIED**.

SO ORDERED this 24th day of October, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc: Michael A. Comber, Esquire
Email: michael.comber@usdoj.gov
Paul E. Skirtich, Esquire
Email: paul.skirtich@usdoj.gov
Christy C. Weigand
Email: christy.wiegand@usdoj.gov

Harry P. Litman, Esquire
Email: Harry.Litman@verizon.net
Thomas J. Farrell, Esquire
Email: tfarrell@farrellreisinger.com
David H. Cook, Esquire
Email: dcook@farrellreisinger.com
Trent A. Echard
Email: techard@smgglaw.com
Courtney R. Baron
Email: courtney.baron@goldbergkohn.com
David J. Chizewer
Email: david.chizewer@goldbergkohn.com
H. Yale Gutnick
Email: ygutnick@smgglaw.com
William C. Meyers
Email: william.meyers@goldbergkohn.com

Kenny V. Nguyen, Esquire
Email: kenny.nguyen@doj.ca.gov

Patricia O. Erdmann
Email: Patricia.Erdmann@atg.in.gov
Corinne W. Gilchrist
Email: Corinne.Gilchrist@atg.in.gov
Glenn S. Kaplan, Esquire
Email: glenn.kaplan@ago.state.ma.us
Charles F. Godbey, Esquire
Email: cgodbey@atg.state.il.us
Rene D. Harrod
Email: rene.harrod@myfloridalegal.com
Jennifer M. Zlotow
Email: jzlotow@atg.state.il.us
Jason T. Pleggenkuhle
Email: jason.pleggenkuhle@ag.state.mn.us
George S. Bell
Email: george.bell@ag.tn.gov

Stuart W. Cobb
Email: stuart.cobb@ag.ky.gov



Charles H. Moellenberg, Jr.
Email: chmoellenberg@jonesday.com
Laura E. Ellsworth
Email: leellsworth@jonesday.com
Scott W. Brady
Email: sbrady@jonesday.com
Thomas S. Jones
Email: tsjones@jonesday.com
Amy K. Pohl
Email: akpohl@jonesday.com
Nikesh Jindal
Email: njindal@gibsondunn.com
Timothy J. Hatch
Email: thatch@gibsondunn.com
Daniel E. Reidy
Email: dereidy@jonesday.com