IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA et al,<br>Plaintiffs,<br><br>v.<br><br>EDUCATION MANAGEMENT LLC et al,<br>Defendants. | )<br>)<br>)<br>)  2:07-cv-461<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Pending before the Court is the DEFENDANTS' MOTION FOR A CASE MANAGEMENT ORDER (Document No. 216) filed by EDMC, with a brief in support. Plaintiffs have filed a response in opposition; EDMC has filed a reply; and the motion is ripe for disposition.

Following the Court's Memorandum Opinion and Order dated May 11, 2012, which granted in part and denied in part EDMC's motion to dismiss this case, the parties met and conferred regarding case management. They propose very different approaches to discovery in this case, as set forth in their respective Rule 26(f) Reports. EDMC also formalized its case management proposal by way of the pending motion. On October 2, 2012, the Court conducted a Case Management Conference at which the parties further presented their conflicting ideas regarding the best way to advance the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

As set forth in its post-Case Management Conference reply brief, EDMC proposes a phased discovery process consisting of the following elements: (1) voluntary production by EDMC of a complete set (approximately 14,000) of its ADA salary adjustment forms and its

1

Salary Factor Database; (2) a brief hearing -- before any other discovery is authorized – at which EDMC will provide expert statistical evidence to demonstrate why the salary adjustment forms should be dispositive of this case; (3) a three-month period for targeted discovery, during which Plaintiffs could explore whether the information on the salary adjustment forms is accurate and "get behind the numbers" and potentially engage their own experts regarding the Salary Factor Database; and (4) an opportunity for dispositive motions at the close of this phase of discovery.[1]

Plaintiffs recognize that the salary adjustment information is relevant, but object strenuously to EDMC's proposal to stay all other discovery. Instead, Plaintiffs advocate a conventional, unlimited discovery process (albeit with expansive scope and time limits in recognition of the size and complexity of this case). Plaintiffs fundamentally disagree with EDMC's premise that the ADA salary adjustment forms and database may be dispositive. They emphasize that their theory of the case is that such documents are part of the "camouflage" that EDMC created to hide its alleged fraudulent scheme. Plaintiffs demand the opportunity to take discovery into the actual practices underlying the documents. Accordingly, Plaintiffs argue that – regardless of what EDMC's salary adjustment forms show on their face -- EDMC's case management proposal "holds no prospect whatsoever" of resolving any of the claims in this case.

Both sides have expressed valid and weighty concerns regarding this massive and complex case. The Court is keenly interested in advancing this case in the most efficient and effective manner possible. The Court concludes that EDMC's proposed limits on discovery would not promote the just, speedy and inexpensive resolution of the case. EDMC's focus on statistical and documentary evidence is difficult to reconcile with Plaintiffs' "as implemented" theory of the case, which is that even if the paperwork looked correct on its face, such paperwork was only a pretext or cover-up and did not reflect EDMC's actual compensation practices.

---

[1] EDMC had also proposed an Early Neutral Evaluation ("ENE") in connection with this phase of discovery.

2

Plaintiffs allege a knowing decision by senior, top-level EDMC executives to perpetuate a company-wide sham Plan to cover up for prohibited compensation practices.  The elements of a prima facie case under the federal False Claims Act are: (1) the defendant presented a false or fraudulent claim against the United States; (2) the claim was presented to an agency or contractor of the United States; and (3) the defendant knew the claim was false or fraudulent.  Plaintiffs must be given an opportunity to take discovery regarding all of these elements.  Accordingly, the Court concludes that conventional, unlimited discovery as proposed by Plaintiffs will be authorized. [2]

The Court is acutely aware of EDMC's concerns regarding unlimited discovery and remains open to other proposals from the parties regarding alternative dispute resolution and case management.  By separate Order, the Court will appoint the Honorable Richard A. Levie (Retired) as Special Master for e-discovery and other case management issues.

In accordance with the foregoing, DEFENDANTS' MOTION FOR A CASE MANAGEMENT ORDER (Document No. 216) is **DENIED**.

SO ORDERED this 8th day of November, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     All counsel of record

---

[2] EDMC is not precluded from voluntarily producing the ADA salary adjustment documents and the Salary Factor Database and is entitled pursuant to Fed. R. Civ. P. 56(b) to file a summary judgment motion "at any time until 30 days after the close of all discovery."