IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| Plaintiffs, | ) Civil Action No. 07-461 |
| v. | ) Judge McVerry |
| EDUCATION MANAGEMENT CORP., et al., | ) |
| Defendants. | ) |

**PROTECTIVE ORDER GOVERNING PERSONALLY IDENTIFIABLE INFORMATION FROM EDUCATION RECORDS THAT MAY BE SUBJECT TO THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT**

To facilitate the timely production of documents in compliance with the parties' respective requests for production, facilitate the prompt resolution of disputes over confidentiality, adequately protect personally identifiable information from education records subject to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g, and ensure that protection is afforded to material so entitled, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), and with the consent of the parties who are signatories below, IT IS HEREBY ORDERED that the following Protective Order shall govern the production and treatment of all material in this action that is designated FERPA Confidential Material, as defined herein.

1. **General Provisions Regarding Personally Identifiable Information from Education Records That May Be Subject to FERPA.**

This case is "in connection with the enforcement of Federal legal requirements which relate to [Federally-supported education] programs" as those terms are used in FERPA (including in 20 U.S.C. § 1232g(b)(3)).

2. **Authorization Agreements.**

By March 4, 2013, Plaintiffs shall provide to the Special Master and Defendants all written agreements executed pursuant to 34 C.F.R. § 99.35 (or other applicable law) whereby any party, attorney, expert, consultant, or other person or entity has been designated an authorized representative of the Attorney General or any other official listed in 34 C.F.R. § 99.31(a)(3) for any purpose related to the prosecution of this litigation, and any arguments in support of those agreements.  Defendants shall respond to Plaintiffs' submission by March 11, 2013, and Plaintiffs shall reply by March 15, 2013.  Upon review of the agreements and accompanying arguments, the Special Master shall determine whether Defendants can disclose personally identifiable information subject to FERPA to the purported designees as permitted under 20 U.S.C. §§ 1232g(b)(1)(C), 1232g(b)(3), 1232g(b)(5), or any other applicable law.

3. **FERPA Rights Notification.**

Within fifteen (15) calendar days from the date of this Order, Defendants shall provide to the Special Master relevant annual notifications of FERPA rights.

4. **Service on Opposing Counsel.**

All submissions under paragraphs 2 and 3 shall be served on opposing counsel.  The names of any previously undisclosed consultant or expert may be redacted from any documents served on opposing counsel under paragraphs 2 and 3 of this Order.

5. **Measures to Secure Confidentiality.**

Nothing in this Order shall be construed to abrogate any provision of FERPA or its implementing regulations.  Recipients of FERPA Confidential Material pursuant to this Order may use that material solely for the purposes of this action, including but not limited to any appeals, which seeks to enforce Federal legal requirements related to Federally supported education programs.  All non- authorized uses are prohibited.  FERPA Confidential Material,

including both hard copies and electronic documents, will be maintained in a secure manner to prevent unauthorized access to it. No disclosure of FERPA Confidential Material shall be made to any person unless that individual is authorized to receive such FERPA Confidential Material pursuant to the terms of this Order and executes the acknowledgment attached hereto to this Protective Order, which shall be maintained by counsel who obtained the acknowledgement. The acknowledgement attests that individuals having access to FERPA Confidential Material will (i) comply in all respects with all terms and conditions of this Protective Order and not reveal FERPA Confidential Material, as defined herein, to anyone, except as allowed by the Protective Order; (ii) maintain all such FERPA Confidential Material in a secure manner to prevent unauthorized access to it; (iii) should FERPA Confidential Material be in their possession, to destroy FERPA Confidential Material to the extent such material is no longer needed for the purposes for which it was disclosed, and in no event beyond sixty (60) days from the conclusion of this action; and (iv) consent to the continuing jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of the Protective Order.

      6.      **<u>Manner of Production and Designation of FERPA Confidential Material.</u>**

Subject to this Protective Order, FERPA Confidential Material provided to a party authorized to see it pursuant to this protective order shall be designated as such by (i) affixing the legend "FERPA Confidential" to each page containing FERPA Confidential Material in such a manner that written material is not obliterated or obscured; (ii) incorporating "FERPA Confidential" in the file names of documents produced in their native formats; and/or (iii) affixing the legend "FERPA Confidential" to a placeholder designating the production of an associated document in its native format. If FERPA Confidential Material is produced in electronic media form (*e.g.*, videotape, computer disk, CD Rom, DVD, USB drive), the "FERPA Confidential" designation shall be affixed to the outside of the electronic media and in any

accompanying cover letter.  In addition, FERPA Confidential Material produced in electronic media form shall, to the extent possible, be formatted such that FERPA Confidential Material bears a footer designating the information as "FERPA Confidential."  With respect to answers to interrogatories, requests for production, and request for admissions and the information contained therein, the "FERPA Confidential" designation shall be made on the first page of any such set of answers and on each succeeding page that contains FERPA Confidential Material.

       7.     **<u>Use and Designation of FERPA Confidential Material in Deposition.</u>**

The parties must undertake reasonable efforts to redact FERPA Confidential Material contained in documents that will be disclosed to deponents who are not otherwise authorized to obtain, receive, and review FERPA Confidential Material under this Order.  Should redaction not be possible, FERPA Confidential Material may only be disclosed to a deponent who is not authorized to obtain, receive, and review the material under paragraphs two, three, four, or five after notice has been provided and parents and students have had a reasonable opportunity to object to the disclosure.  Such notice may be effected by general publication analogous to the form of notice attached hereto and publication procedures approved by the Court.  If any student or parent objects to the disclosure, no disclosure will be made until that objection is resolved.

With respect to any deposition exhibit or transcript, or any portion thereof, the "FERPA Confidential" designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript by the parties, and the transcript of such deposition or portion thereof referencing the FERPA Confidential Material shall be so marked.  References to FERPA Confidential Material within the deposition transcript may be designated by identifying by page and line numbers or underlining the portions of the pages that are confidential and marking such pages, and the cover page of the transcript, with the "FERPA Confidential" designation.  Until expiration of the thirty (30) day period, the entire deposition will be treated as

subject to protection against disclosure under this Protective Order.  If no party timely designates as "FERPA Confidential" information in a deposition, then none of the transcript or its exhibits will be treated as FERPA Confidential Material under this Protective Order; if a timely designation is made, the portion of the transcript or exhibit designated as "FERPA Confidential" shall be submitted to the Court under seal separate from the non-confidential portions and exhibits.

        8.      **<u>Objection to Designation.</u>**

Nothing in this Protective Order shall be construed in any way as a finding that information designated "FERPA Confidential" actually constitutes personally identifiable information from students' education records.  Any party may at any time object in writing to another party's designation pursuant to this Protective Order.  Once written notice is given by the challenging party of the challenged designations, the parties to the dispute shall, within ten (10) days of service of the written notice, confer and try to informally resolve the dispute in good faith.  If the parties cannot resolve the dispute, the challenging party may file and serve a motion to resolve the dispute over the designation of the material within thirty (30) days of providing written notice of its challenge.  The challenging party shall have the burden of demonstrating to the Court that good cause exists for removing the FERPA protection.  If no such motion is filed within the thirty (30) day time period, the designated information will be deemed to be covered by this Protective Order.  If the challenging party files a motion within thirty (30) days of receipt of the written notice, the parties shall continue to treat the designated information as FERPA Confidential Material pending a ruling by the Court on such motion.  No party shall be obligated to challenge the propriety of any designation at the time made and failure to do so shall not preclude a subsequent challenge on the propriety of such designation.

9. **Use and Filing of FERPA Confidential Material in Court Proceedings.**

The parties shall not submit to the Court any FERPA Confidential Material or reproduce their contents in any court filing unless the document or filing, or portions thereof containing FERPA Confidential Material is placed under seal.  The procedures for use of FERPA Confidential Material during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  In order to protect FERPA Confidential Material to be used in Court proceedings, the parties shall consider (i) redacting confidential documents to remove personally identifiable information about students and their families, (ii) coding the documents to substitute a numerical or other designation for the student's name or other identifiable information about the student or his/her family, (iii) requesting that any filings or exhibits be placed under seal, or (iv) introducing summary evidence where practicable which may be more easily redacted.  No party shall disclose FERPA Confidential Material in open Court without prior consideration by the Court.

10. **FERPA Violations.**

In the event that any party believes in good faith that a violation of FERPA has occurred or is imminent, that party shall alert the Special Master and all other parties of its belief and the relevant circumstances.  The Special Master shall convene an emergency hearing to address the matter at the earliest possible time.  Any party believed to be in imminent violation of FERPA shall not take the challenged action prior to the emergency hearing.

11. **Protection of FERPA Confidential Material.**

Unless otherwise ordered, no FERPA Confidential Material shall be included in any publicly available filings with the Court or submissions to the Special Master.  Nor shall any party disclose FERPA Confidential Material in open Court without prior consideration by the Court.  In order to protect FERPA Confidential Material to be used in any Court filings or

proceedings, the parties shall consider (i) redacting confidential documents to remove personally identifiable information about students and their families, (ii) coding the documents to substitute a numerical or other designation for the student's name or other identifiable information about the student or his/her family, or (iii) introducing summary evidence where practicable which may be more easily redacted.

12. **No Ruling on Admissibility or Discoverability.**

Nothing in this Protective Order shall be construed to be a finding that, or affect in any way the question of whether, any particular material is properly discoverable or admissible or preclude any party from raising any objections or exercising any rights otherwise available to them, including under the Federal Rules of Civil Procedure, Federal Rules of Evidence or other applicable federal or state laws or regulations.

13. **Modification Permitted.**

Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order.

IT IS SO ORDERED this 8th day of April, 2013.

                                        s/ Terrence F. McVerry
                                        _____
                                        HON. TERRENCE F. MCVERRY
                                        U.S. DISTRICT JUDGE

## ACKNOWLEDGMENT

I hereby certify my understanding that confidential information is being provided to me pursuant to the terms and restrictions of the **PROTECTIVE ORDER GOVERNING PERSONALLY IDENTIFIABLE INFORMATION FROM EDUCATION RECORDS THAT MAY BE SUBJECT TO THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT**, dated _____ in *United States ex rel. Education Management Corp.,* U.S. District Court, Western District of Pennsylvania, Case No. 07-CV-461 (the "Protective Order").

I have been given a copy of the foregoing Protective Order and have read it. I will comply in all respects with all terms and conditions of this Protective Order and will not reveal FERPA Confidential Material, as defined therein, to anyone, except as allowed by this Protective Order. I will maintain all such FERPA Confidential Material in a secure manner to prevent unauthorized access to it. Should FERPA Confidential Material be in my possession, I will also destroy FERPA Confidential Material to the extent such material is no longer needed for the purposes for which it was disclosed, and in no event beyond sixty (60) days from the conclusion of this action. I hereby consent to the continuing jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____

_____

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 07-461 |
| EDUCATION MANAGEMENT CORP., et al., | ) ) Judge McVerry ) |
| Defendants. | ) ) ) ) ) |

**NOTICE TO STUDENTS WHO ATTEND OR HAVE ATTENDED [LIST SCHOOLS]**

IF YOU ATTEND OR HAVE ATTENDED THE SCHOOLS LISTED ABOVE, PLEASE READ THIS LEGAL NOTICE AS YOUR RIGHTS COULD BE AFFECTED:

Litigation is currently ongoing between the United States of America, the States of California, Florida, Illinois, Indiana, and Minnesota, Lynntoya Washington ,Michael Mahoney and  Education Management Corporation, Education Management Holdings LLC, Education Management LLC, and affiliated schools in the United States District Court for the Western District of Pennsylvania.

The parties seek to obtain evidence relevant to the case, including information contained in student education records that may contain personally identifiable information.  Based on a law called the Family Educational Rights and Privacy Act, the federal court has ruled that, while the parties are entitled to examine these records, students and parents first must be given an opportunity to object to disclosure of their school records.  The information in the school records will be used solely for the purposes of the pending lawsuit.  During the trial, there should be no

need to identify students by name, address, or the like.  The law and court Order requires that the personally identifiable data be destroyed when no longer needed for the suit.

The Court has entered an Order to safeguard the material to be disclosed, including an acknowledgement by each recipient of the material that they are subject to severe penalties for unauthorized disclosure of the material.  A copy of that Order can be obtained on the world wide web at [url].

The court will presume that you consent to disclosure of information in your school records unless you send a letter to the court indicating why you feel such disclosure would be harmful to you.  The letter must be received by the court before [month] [date], 2013

The letter should be sent to:

> The Honorable Terrence F. McVerry
> U.S. District Judge
> U.S. Courthouse
> 700 Grant Street
> Pittsburgh, PA 15219

If you have no objections to the requested disclosure of your school records, you need not do anything.