# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 07-461<br>)<br>) Judge McVerry |
| EDUCATION MANAGEMENT CORP., et al., | )<br>) |
| Defendants. | )<br>)<br>)<br>) |

### DECLARATION OF CHRISTY C. WIEGAND IN SUPPORT OF PLAINTIFFS' MOTION PURSUANT TO FED R. CIV. P. 56(d) TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Christy C. Wiegand, under penalty of perjury, hereby state that the following is true and correct:

1. I am an Assistant United States Attorney for the Western District of Pennsylvania, admitted to practice before this Court, and counsel of record for Plaintiff the United States of America in this action. This declaration is based on my personal knowledge and, if called upon to do so, I would and could testify competently as to the matters set forth herein.

2. I submit this declaration in support of Plaintiffs' Motion Pursuant to Federal Rule of Civil Procedure 56(d) to Deny Defendants' Motion for Summary Judgment. As set forth in Plaintiffs' Motion, Plaintiffs respectfully request that the Court deny Defendants' Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(d).

**Facts Unavailable to Plaintiffs**

3. Fact discovery is not complete in this case, and further discovery is required to enable Plaintiffs to obtain facts essential to justify their opposition to Defendants' Motion for Summary Judgment and as to the existing facts related directly to the essential elements of Plaintiffs' claims.

4. At the start of the discovery period, and in according with Case Management Order No. 1 [Dkt. No. 237], Plaintiffs served their First Set of Requests for Production of Documents ("RFP") on January 14, 2013. Among other issues, Plaintiffs specifically sought facts regarding:

   a. The daily communications between and among Defendants' admissions employees. RFP Nos. 21-22;

   b. The actual practices of each of the 112 Defendants in interacting with and tracking their admissions employees. RFP Nos. 15-18;

   c. The actual practices undertaken by Defendants to ensure they were in compliance with the Incentive Compensation Ban. RFP Nos. 39-42; and

   d. The corporate directives and corporate interaction with school groups, schools, and individual employees regarding all of the above. RFP Nos. 10-11, 13.

5. Defendants served responses and objections to Plaintiffs' First Set of Requests for Production of Documents on February 15, 2013, and refused to produce much of the information requested by Plaintiffs.

6. Plaintiffs filed motions to compel before the Special Master in April 2013, specifically requesting that the Special Master recommend to the Court that Defendants produce, among other critical information, communications among admissions employees, including recruiters.

2

7. In their opposition to Plaintiffs' April 2013 motions to compel, Defendants represented that they have employed more than 11,000 recruiters since 2003 and argued that producing such communications would be unnecessary and unduly burdensome.

8. The Special Master and the Court disagreed with Defendants' argument, however, and ordered Defendants to produce admissions employee and recruiter communications. *See* Report and Recommendation No. 2, Exhibit 1 [Dkt. No. 258]; *see also* Order Overruling Objections to Report and Recommendation Nos. 2 & 3 [Dkt. No. 291].

9. Soon thereafter, and consistent with the parties' agreements as to the deadlines in Case Management Order No. 2 [Dkt. No. 298], the parties began rolling document production on October 15, 2013.

10. Plaintiffs served additional Requests for Production of Documents on September 25, 2013, and January 31, 2014. Defendants served responses and objections to Plaintiffs' Second and Third Requests for Production of Documents on October 25, 2013, and March 10, 2014, respectively.

11. However, Defendants' document production to date remains significantly incomplete. Defendants' cumulative production as of the date of this declaration consists of email from only 59 custodians who appear to be Assistant Directors of Admissions, the primary recruiters at Defendants' institutions. This encompasses electronically stored information ("ESI") from only 0.5% of Defendants' 11,000 recruiters employed since 2003.

12. Defendants have not produced any material from the remaining 99% of recruiters. Moreover, Plaintiffs have followed up with Defendants on numerous occasions to ensure that Defendants' collection efforts are complete, and even highlighted Plaintiffs' concerns regarding

3

missing documents from custodians that Defendants placed under litigation hold. These communications are central to Plaintiffs' claims, and absent this essential information from Defendants, Plaintiffs are unable to justifiably oppose Defendants' Motion for Summary Judgment.

13. The parties are currently engaged in significant motions practice regarding the inadequacy of Defendants' production of documents to date.

14. Plaintiffs have filed the following Motions before the Special Master:

   a. Motion to Compel the Production of Documents from Defendants' Backup Tapes, submitted on February 24, 2014. The resolution of this motion is currently pending;

   b. Motion to Enforce Report and Recommendation No. 4, which was adopted in full by the Court, submitted on February 24, 2014. The resolution of this motion is currently pending;

   c. Motion to Compel regarding Defendants' December 2, 2013 Privilege Log, submitted on March 12, 2014. The resolution of this motion is currently pending;

   d. Motion to Compel regarding Defendants' January 2, 2014 Privilege Log, submitted on April 17, 2014. The parties are currently in the briefing stage; and

   e. Motion to Compel the Production of Documents of Documents in Response to Plaintiffs' Third Set of Requests for Production, submitted on April 18, 2014. The parties are currently in the briefing stage.

15. Additional document discovery will enable Plaintiffs to create genuine issues of material fact. After reviewing a sampling of the ESI produced from only 0.5% of Defendants'

4

recruiters, Plaintiffs anticipate that the additional requested information will constitute evidence establishing a boiler-room culture, in which recruiters were pressured to contact, enroll, and start students to the exclusion of all other considerations. Plaintiffs also anticipate this information will demonstrate evidence that the so-called quality factors were a sham. Further, and by way of another example, the actual practices of the Defendants regarding how they did or did not take steps to monitor compliance with the Incentive Compensation Ban will be directly relevant to Defendants' scienter.

16. Further discovery is also required because the parties have not yet entered the primary deposition phase of fact discovery in this matter. Under Case Management Order No. 2, both sides agreed and are permitted to take up to 430 hours of deposition testimony in total; and were permitted to use up to 70 hours of deposition testimony prior to the close of document production. Case Management Order No. 2 provided for limited early depositions, with the understanding that in order to be most efficient, the majority of depositions would follow the completion of document production.

17. Plaintiffs have taken only a single deposition in this case, a Rule 30(b)(6) deposition that inquired into Defendants' document collection and retention issues. Recognizing the value in waiting until all documents have been produced in this case before deposing witnesses, Plaintiffs elected to retain more than 420 hours of deposition time for this critical discovery.

18. Discovery by way of deposition testimony will enable Plaintiffs to create genuine issues of material fact. Depositions of Defendants' employees will be critical in revealing Defendants' actual compensation practices, their daily interactions with and among their recruiters, and recruiters' impressions and understanding of Defendants' sales tactics. Absent this essential

deposition testimony from Defendants' employees, Plaintiffs are unable to justifiably oppose Defendants' Motion for Summary Judgment.

19. Plaintiffs have already availed themselves of written discovery by serving interrogatories and requests for admission on Defendants. However, further discovery that Plaintiffs have been unable to take yet, due to Defendants' inadequate production of documents, includes additional interrogatories and requests for admission. Defendants' written responses to this additional discovery will enable Plaintiffs to create genuine issues of material fact. Written responses from Defendants will be critical in determining how Defendants actually implemented their compensation plans. However, additional written discovery requests will not be fruitful until after the close of document production and a review of Defendants' documents, in its complete form, takes place. Absent this essential discovery from Defendants, Plaintiffs are unable to justifiably oppose Defendants' Motion for Summary Judgment.

20. Pursuant to Case Management Order No. 2, document discovery was scheduled to conclude on April 30, 2014, and the primary fact deposition period was scheduled to begin on May 5, 2014. However, because both sides need additional time to complete document discovery, the Special Master has recommended that all fact discovery deadlines, including the document discovery deadline and the commencement of the primary fact deposition period, be held in abeyance until the parties have a further opportunity to confer with the Special Master and propose revised deadlines.

21. In summary, fact discovery, including document discovery, fact deposition discovery, and written discovery, is not complete in this matter, and as a result, Plaintiffs await key evidence that is critical to opposing Defendants' Motion for Summary Judgment. Without such

additional discovery, Plaintiffs are unable to present a full record of facts that are essential to justify their opposition to Defendants' Motion for Summary Judgment.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

DATE: May 2, 2014

*Christy C. Wiegand*
Christy C. Wiegand
Assistant United States Attorney
Deputy Chief, Civil Division
United States Attorney's Office
for the Western District of Pennsylvania