# EXHIBIT H



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                    *412/644-3500*

November 22, 2013

<u>VIA E-MAIL</u>
Laura E. Ellsworth, Esq.
Jones Day
500 Grant Street
Suite 4500
Pittsburgh, Pennsylvania 15219

      RE:    *United States of America, et al. v. Education Management Corporation, et al.*,
                **Civil Action No. 07-461**

Dear Laura:

      Consistent with the parties' discussions at the November 7 and 14 meet and confers, I write to provide Defendants a list of some of Plaintiffs' requests for production ("RFPs") that seek the material Plaintiffs have requested Defendants prioritize in Defendants' rolling productions.

      As discussed among the parties and in Plaintiffs' November 15, 2013 submission to the Special Master, Plaintiffs have requested Defendants prioritize the production of four types of information:  (1) Admissions Employee and Supervisor emails; (2) materials relied upon to confirm the accuracy of the attestations in the Program Participation Agreements ("PPAs") and Defendants' compliance with the PPAs; (3) documents relating to Defendants' Compensation Review Task Force; and (4) Defendants' communications with investors related to the Incentive Compensation Ban.

      The chart below provides Defendants a list of RFPs that seek the requested information. The listed RFPs are merely intended as exemplars of the types of requests that seek the information Plaintiffs have asked to be prioritized.  Further, an RFP's inclusion in the chart is not meant to suggest that the only documents responsive to the RFP are those sought by Plaintiffs' prioritization requests.  Plaintiffs also refer Defendants to Report and Recommendation No. 2 [Dkt. No. 258] ("R&R No. 2"), which was adopted by the Court [Dkt. No. 291].  Defendants have explained that these decisions significantly expanded the scope of discovery beyond what Defendants anticipated and thus they are an important guide for Defendants' collection efforts.

| **Plaintiffs' Prioritization Request** | **Exemplars of Plaintiffs' Applicable RFPs** |
|---|---|
| Admissions Employee and Supervisor emails | From Plaintiffs' first set of RFPs: RFPs Nos. 15-25, 27-29, 51-52, 59, 61, 65, 69, 71, 74, 83-85, 91, 109, 121-125, and 135. |
| Materials relied upon to confirm the attestations in the PPAs and Defendants' compliance with the PPAs | From Plaintiffs' first set of RFPs: RFPs Nos. 39-44. |
| Documents relating to Defendants' Compensation Review Task Force | From Plaintiffs' first set of RFPs: RFPs Nos. 30 and 32-35. |
| Communications with investors related to the Incentive Compensation Ban | From Plaintiffs' first set of RFPs: RFPs Nos. 54-55, and 59.<br><br>From Plaintiffs' second set of RFPs: RFPs Nos. 5-8, and 12. |

Plaintiffs hope that the above information facilitates Defendants responding to Plaintiffs' prioritization requests. Previously, Defendants have suggested that they have prioritized the production of Admissions Employee and Supervisor emails because they have produced material "pertaining to admissions-related employees." Defs.' Nov. 15 Submission to Special Master 5 n.4. As Plaintiffs explained to Defendants at the parties' meet and confers and as demonstrated through the above RFPs, tangential information related to Admissions Employees is not what Plaintiffs seek to have prioritized. Plaintiffs have asked Defendants to prioritize the Admissions Employee and Supervisor communications themselves. The United States is making a good faith effort to respond to Defendants' prioritization requests. Plaintiffs expect Defendants will do the same.

Very truly yours,

DAVID J. HICKTON
United States Attorney

/s/ Christy C. Wiegand
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
(412) 894-7452