# EXHIBIT I

# JONES DAY

500 GRANT STREET • SUITE 4500 • PITTSBURGH, PENNSYLVANIA 15219.2514
TELEPHONE: +1.412.391.3939 • FACSIMILE: +1.412.394.7959

Direct Number: (412) 394-7929
leellsworth@JonesDay.com

JP603714:rct:1256180
149637-635001

September 13, 2012

**VIA EMAIL AND HAND DELIVERY**

Christy C. Wiegand
Assistant United States Attorney
United States Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Re: *United States of America v. Education Management Corp.*,
Civil Action No. 07-461 (W.D. Pa.)

Dear Christy:

Thank you for offering to incorporate our content into your Rule 26(f) Report. As you, Stu and I discussed on the telephone today, the divergence of our respective approaches makes separate reports a more effective way for the Court to compare the proposals. We expect to circulate a revised draft later today so you will have the ability to see some additional proposals for a phasing of discovery, in the event we can agree on some of them.

Since we do not agree with the ADR mechanism you propose, we do not plan to respond at this time on the candidates you propose for that mechanism in your September 12 letter. Depending on what the Court rules on an appropriate ADR process, we obviously will be happy to exchange candidate names under the schedule established by the Court.

With respect to initial disclosures, we have noted our objection and proposed an alternative, consistent with Fed. R. Civ. P. 26(a)(1)(C). We therefore will not be filing initial disclosures pending further direction from the Court, as Rule 26 provides.

There is one inaccuracy in your draft report that I would appreciate you correcting. In paragraph 11.g. you erroneously state that Defendants took the position that our preservation obligation ran from the partial unsealing of the case. To the contrary, we advised you that we have taken appropriate steps to preserve information since the time we reasonably anticipated litigation in 2010. We likewise stated that under our sequencing proposal, emails would not be relevant and that our proposal could obviate certain electronic discovery. We expressly stated that government email was relevant and we never stated that email was irrelevant in the case. It is incorrect to suggest that we did not preserve email.

I did advise you that I was not conversant with the written or unwritten document retention policies prior to 2010 at each of the individual schools, but, since details of written document retention policies are a distinct topic from preservation obligations under the Rules of

JONES DAY

Christy C. Wiegand
September 13, 2012
Page 2

Civil Procedure, I fail to see the relevance of the point here. If you choose to include it, I would appreciate it if you would amend the language to clarify the distinction.

On the retention issue, I also asked during our call today that you provide information on the retention status of the non-intervening states, so that we can address that issue as necessary in our report.

Finally, with respect to the various orders you proposed, I raised the following:

(a)     **Clawback**

We think the standard clawback order is preferable for multiple reasons:

- The standard order requires the receiving party to provide notice of receipt of information it believes to have been inadvertently produced; yours does not;

- The standard order requires that materials must be retrieved and sequestered immediately upon notice of inadvertent disclosure; your requires justification in the notice and provides 5 days for sequestration;

- In contrast to the standard order, your order substantially limits the receiving parties' obligation to address copies that have been shared with others;

- The standard clawback requires the producing party to seek judicial relief within 30 days; your proposal shifts the obligation to the receiving party and deletes the timing requirement.

For all of these reasons, we believe the standard clawback is preferable. Please let me know if you are agreeable to using the standard clawback so we can either note that or address these issues in the 26(f) Reports.

(b)     **Protective Order**

We have a few redlines to your proposed Protective Order and will get those to you later today. I don't expect you will find them controversial but, if you do, please let me know and we will be happy to discuss them further.

(c)     **FERPA**

We believe the FERPA order is both premature and inappropriate for a host of reasons. For example, it ignores what students may have been told about disclosure of their records; ignores Graham-Leech-Bliley requirements and Sunshine Laws; perhaps most importantly of all fails to provide notice in a form that enables students to meaningfully exercise their rights to object to the mass disclosure you apparently contemplate. Your notice proposal is likewise


**JONES DAY**

Christy C. Wiegand
September 13, 2012
Page 3

unreasonable and unfair to EDMC. Notice to hundreds of thousands of students and former students that their sensitive private information will be violated in some unspecified manner in the course of this litigation could cause serious harm to EDMC. The notice could also result in a flood of objections that would distract and unnecessarily complicate what is already a challenging case management situation – all potentially to no purpose depending on the phasing of discovery and summary disposition. Coupled with the additional facts that no specific request for such information has yet been made and that numerous techniques to de-identify relevant information exist, this order is premature at best and, at worst, highly prejudicial and harmful to both Defendants and the hundreds of thousands of students whose records are implicated.

Please advise me whether you intend to pursue this order so we can address these issues in the 26(f) Report.

(d) **Ediscovery Order**

The ediscovery order you propose is likewise premature. We had offered to discuss the specifics of ediscovery at the meet-and-confer but you advised that you were not prepared to do so at that time. We offered to have our ediscovery team convene a separate meeting with yours to work through these issues and to come up with a consensual procedure. We continue to believe that is the best course and invite you to provide us contact information for the person we can contact for that purpose. As we advised you at the meet-and-confer, Mr. Bresch is the contact at our end.

Because the parties have not had an opportunity to focus on these issues, your proposed order risks imposing on all parties obligations that could be inadvertently and unreasonably burdensome. I am not familiar with any case in which such an order has been entered prior to a meaningful dialog between the parties and we do not believe that such a course would be prudent here.

Once again, please let me know if we need to address this issue in our 26(f) Report.

If you have any questions or believe further conversation would be appropriate on any of these issues, I can make myself available any time today.

Very truly yours,

*Laura E. Ellsworth*

Laura E. Ellsworth