# EXHIBIT Q



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                                            *412/644-3500*

March 20, 2014

<u>**VIA E-MAIL & HAND DELIVERY**</u>
The Hon. Richard A. Levie (Ret.)
Special Master
JAMS, Inc.
555 13th Street NW, Suite 400 West
Washington, D.C. 20004

> RE:   *United States of America, et al. v. Education Management Corporation, et al.*,
> **Civil Action No. 07-461**
> <u>**Plaintiffs' Letter Concerning New Evidence Related to their Motion to Enforce Report & Recommendation No. 4, Which Was Adopted in Full by the Court.**</u>

Dear Special Master Levie:

Plaintiffs write to notify Your Honor of new evidence in support of their Motion to Enforce Report and Recommendation No. 4, which has only come to light since Plaintiffs filed their reply on March 10, 2014.  Specifically, Defendants' March 12, 2014 Opposition to Plaintiffs' Motion to Compel the Production of Documents from Defendants' Backup Tapes provides new evidence that even at this late stage of document discovery Defendants are refusing to produce their Admissions Employees' emails, which Your Honor and the Court held are "central" to Plaintiffs' case.  *See* R&R No. 2, at 40-43.  Although R&R No. 4, as adopted by the Court, ordered Defendants to produce all available Admissions Employee emails by December 31, 2013 and, to-date, Defendants have only produced documents from thirty-two Admissions Employees, Defendants attempted to deflect discussion of their failure to comply with that order

by stating they would produce further Admission Employee emails by March 31, 2014. Defs.' Mar. 3, 2014 Opp. MTE R&R No. 4, at 5. Yet, Defendants' March 12, 2014 Opposition explains that this production will only include approximately "100 Admissions Employees[']" emails and that production will only occur within "30 days" of Defendants' filing, or around April 11, 2014—only several weeks before the close of document discovery. Defs.' Mar. 12, 2014 Opp. MTC Backup Tapes 8; *see also* Case Management Order No. 2 [Dkt. No. 298] ¶ 3.[1] This is the case even though, in connection with that same motion, Defendants represented that they placed "more than 4,500 people" under litigation holds. Defs.' Mar. 12, 2014 Opp. MTC Backup Tapes Ex. 2, at 1. Moreover, as Your Honor well knows, Defendants previously represented that Plaintiffs' requests for production, to which Defendants were ordered to respond in full, implicate the emails of more than "11,000 recruiters." R&R No. 2, at 39-43.

In this manner, Defendants' March 12, 2014 Opposition affirms the key facts that underlay Plaintiffs' Motion to Enforce: (1) that Defendants have improperly backloaded to the end of the document discovery period the "central" discovery that R&R No. 4 ordered Defendants produce by December 31, 2013; (2) that without further intervention by the Court, Defendants will continue to delay that discovery, further disrupting the orderly progression of this case; and (3) that without further intervention by the Court, Defendants will only produce a fraction of the discovery they have been ordered to provide. Thus, Defendants' March 12, 2014 Opposition adds further support for the relief Plaintiffs requested in their Motion to Enforce R&R No. 4.

---

[1] Defendants' March 17, 2014 production letter to Plaintiffs, which Defendants also provided to Your Honor, states that Defendants will produce "a substantial volume" of material from Admission Employees in the "near term," which presumably will come from the mere 100 Admissions Employees they refer to in their March 12, 2014 Opposition.

2

Very truly yours,

DAVID J. HICKTON
United States Attorney


/s/ Christy C. Wiegand
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
(412) 894-7452