# EXHIBIT W



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                                   *412/644-3500*

April 10, 2014

<u>VIA EMAIL</u>

Jeffrey J. Bresch, Esq.
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514

      RE:    ***United States of America, et al. v. Education Management Corporation, et al.*,**
              **Civil Action No. 07-461**
              <u>**Re: Defendants' Document Production To Date**</u>

Dear Jeff:

      We write with respect to the current state of Defendants' overall document production, which is woefully inadequate. Though Defendants flaunt the fact that they have produced 40 million pieces of paper to the Plaintiffs, a review of those materials makes clear that Defendants have almost completely withheld the most critical documents in the case, and have augmented their production with irrelevant or marginally relevant material. Plaintiffs have been forced to file two motions – a motion to enforce R&R No. 4, and a motion to compel Defendants to produce documents from their backup tapes – in order to, yet again, compel Defendants to do what they have already been ordered to do. We will not belabor those motions here. Rather, this letter addresses some of the gaping holes in what Defendants have produced.[1]

1. Defendants' production fails to capture documents from the vast majority of Defendant schools and their employees. As Defendants have previously acknowledged, up until their April 1, 2014 production of emails from 100 custodians, Defendants had produced documents from just four of the more than 100 Defendant schools in this case. Even with the recent production, there are scores of Defendant schools from which no substantive documents have been produced. Of serious concern is that little to no email from employees at schools located in the Plaintiff States of California, Indiana, Illinois, Florida and Minnesota have been produced. In addition, to date there are few, if any, documents produced that came from schools

---

[1] We are sending separate correspondence on Defendants' failure to produce information pertinent to salary reviews, as well as electronic data in Defendants' possession, custody, or control containing such information.

located in the Plaintiff States. This is unacceptable and contrary to Court order. Please advise of the status of your collection from each of the Defendants, and when all such materials from each of the Defendants will be produced.

2. Defendants' production to date consists of approximately 380 custodians. Yet EDMC testified under oath that more than 4000 employees were put under a litigation hold for this case. Please advise when Plaintiffs can expect responsive materials from the remaining employees for whom EDMC instituted litigation holds, and please also advise when Plaintiffs can expect responsive materials from all custodians EDMC has identified as having relevant material.

3. EDMC's production of documents from senior management and officers of the company during the relevant time period is woefully deficient. For example, our analysis reflects that EDMC has produced fewer than 10,000 total documents from *thirty-three (33)* of EDMC's highest ranking employees—the majority of which emanated from just two employees, Cherie McNeel (2,384 documents) and Richard Them (4,682 documents). Indeed, Defendants have produced *zero* documents from twenty-eight of its highest ranking employees during the relevant period: Andrew Hurst; Bill Tsatsoulis; Charles Restivo; Cheryl Stevens; Chris Kowalsky; Craig D. Swenson; Danny Finus; Dave Bagnato; Devitt Kramer; Edward West; Frank Covaleskie; Greg O'Brien; Jerry Kinnaird; Jim Palermo; Joe Charlson; John Mazzoni; Judy Shanahan; Kevin Miller; Linda Hunter; Michael Maki; Mick J. Beekhuizen; Mike DePrisco; Ron Ogrodnik; Sandy Stack; Scott Tjaden; Stacey Sauchuk; Tony Guida; and Tony Rios. Please advise when all responsive materials from senior management and officers of the company will be produced.

4. Where EDMC did produce from high ranking officials, those productions are impossibly small, including just 1,498 documents from John McKernan (former CEO who is a PPA signatory); 1,308 documents from Todd Nelson (former CEO and former Chairman of the Board); 253 documents from John South (founder of South University and current EDMC Board Member); and 13 documents from Chad Thompson (Vice Chancellor for Finance at South University). Please advise when Defendants intend to produce the *entirety* of responsive documents from the aforementioned employees, and employees holding similar positions at the Defendants' schools, within the possession, custody, and control of Defendants and/or such employees.

5. Defendants have produced only a negligible number of the "Tracking Documents" specifically sought by Plaintiffs. These documents — e.g. "Key Performance Indicators", "Operations Dashboard", "CARS Plan Status Reports", "CARS Anchor Point Reports", "Stacked Rankings", "ADA Trend Analysis", "O/OE's Movement Reports", "President's Club Announcement", "Circle of Achievement", "Daily Flash Reports", "Student Start Plans", and "ADA Rankings" – are directly relevant to the allegations in this case, yet have not been produced to date. Defendants have not produced any "Application Countdowns" or "CARS Anchor Reports," have produced just one "CARS Plan Status Report," and have produced just two "0/0E Movement

    Reports." It is simply not credible that Defendants do not possess many of these Tracking Documents. Please advise when Defendants will be producing all responsive Tracking Documents.

6. Defendants were directed to produce documents related to communications with investors post-2006. There are few to none of these documents in the productions to date. Please advise when all responsive documents will be produced.

7. Defendants have produced little to no information concerning the development and/or implementation of non-matrix based compensation plans during the relevant time period. This is particularly distressing as Defendants have been specifically ordered to produce this information and Defendants themselves recognize that a significant number of the Defendants were not using the matrix based plan during a significant portion of the relevant time period covered by this case. Please advise when all responsive documents will be produced.

    This is not an exhaustive list and, for example, does not include the myriad deficiencies in Defendants' production related to admission employee emails and salary related information. Please advise us no later than Monday, April 14th of your intentions with respect to each of the areas covered above so that we may seek relief as necessary with the Special Master.

    Very truly yours,

    DAVID J. HICKTON
    United States Attorney


    /s/ Christy C. Wiegand
    CHRISTY CRISWELL WIEGAND
    Assistant U.S. Attorney
    (412) 894-7452