IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA et al,** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | 2:07-cv-461 |
| v. | ) | |
| **EDUCATION MANAGEMENT LLC et al,** | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM ORDER

Pending before the Court is MOTION TO DISMISS RELATORS' FALSE CLAIMS ACT CLAIMS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(1) (ECF No. 378) filed by EDMC, with brief and exhibits in support. The governmental Plaintiffs filed a Notice of Opposition to the motion (ECF No. 395) and Relators Lynntoya Washington and Michael Mahoney filed a brief in opposition to the motion with an extensive appendix (ECF Nos. 396, 397). EDMC did not file a reply brief. The motion is ripe for disposition.

Procedural Background

The lengthy factual and procedural background of this case has been set forth in a number of prior opinions and will not be herein recounted in full. This is not a typical "jurisdictional" motion, for several reasons: (1) EDMC recognizes that this Court properly has subject-matter jurisdiction over this case; (2) the litigation has been proceeding in this Court for over seven years, the pleading stage has concluded, and the parties are deeply embroiled in discovery; and (3) the instant motion, if successful, will not result in dismissal of any claims, but merely in removal of the Relator-Plaintiffs as parties. The real issue in dispute is whether the Relator-Plaintiffs are entitled to participate in any ultimate recovery.

EDMC appears to being making two inter-related arguments: (1) that Plaintiffs' challenge under the False Claims Act to EDMC's compensation plan "as implemented" was not pled until the Second Amended Complaint filed on April 1, 2011, such that the Relators' claims are subject to the "public disclosure" bar; and (2) that the "as implemented" claim is not based on non-public information provided by either Relator. Stated otherwise, EDMC argues that Relator-Plaintiffs Washington and Mahoney are not "original sources" of the allegations. For example, EDMC points out that neither Relator was involved in submitting the Program Participation Agreements ("PPAs") or having made claims for payment from the government on behalf of EDMC. Specifically, EDMC has submitted portions of Mahoney's deposition in support of the proposition that he had no role in implementing the ADA compensation plan. EDMC also points to alleged inconsistencies between Washington's deposition testimony and her earlier EEOC complaints.

EDMC contends that the Relators' theory of the case, as set forth in their pleadings, changed dramatically after they learned about the Safe Harbor regulation. EDMC theorizes that the Relators' revised allegations merely parrot the public disclosures made about other for-profit schools. EDMC notes that Washington compiled articles about similar charges against the University of Phoenix. Thus, EDMC asks the Court to dismiss Washington and Mahoney as parties to this case. EDMC does recognize that the instant False Claims Act claims would still go forward with the governments as Plaintiffs.

In response, the governmental Plaintiffs aver that Washington and Mahoney are internal company whistleblowers who provided valuable information regarding the alleged fraud by EDMC. They contend that public disclosures regarding the for-profit college industry in general do not preclude Washington and Mahoney from having qualified as Relators regarding the

specific fraud by EDMC that has been alleged in this case. In addition, the governments contend that Relators qualify for the "original source" exception to the "public disclosure bar." Finally, the governmental Plaintiffs have asserted their statutory right, pursuant to 31 U.S.C. § 3730(e)(4)(A), as amended effective March 23, 2010, and analogous state laws, to oppose dismissal of the Relators. The Relator-Plaintiffs have focused on demonstrating that their theory of the case has been consistent throughout the litigation. The Relator-Plaintiffs also contend that EDMC should be judicially estopped because it has previously argued that this case is the first-filed as to violations of the Incentive Compensation Ban ("ICB").

Legal Analysis

The Court concludes that the "public disclosure bar" does not apply under the facts and circumstances of this case. Prior to the 2010 amendment[1], § 3730(e)(4)(A) of the False Claims Act provided:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

In *United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 236 (3d Cir. 2013), the Court of Appeals explained that the appropriate "public disclosure" test can be reduced to an algebraic formula:

---

[1] The False Claims Act, 31 U.S.C. § 3730(e)(4)(A), now provides in relevant part: "The court shall dismiss an action or claim under this section, **unless opposed by the Government**, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . ." (Emphasis added). Thus, the Relators' claims after March 23, 2010 cannot be dismissed. However, the amendment is not retroactive. *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 283 n. 1 (2010).

3

> We have adopted a formula to represent when information publicly disclosed in a specified source qualifies as an allegation or transaction of fraud:
>
> "If X + Y = Z, Z represents the allegation of fraud and X and Y represent its essential elements. In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed."
>
> *Id*. (*quoting United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 654 (D.C.Cir.1994)). The essential elements of the allegation of fraud [Z] are "a misrepresented [X] and a true [Y] state of facts." *Atkinson*, 473 F.3d at 519 (citation omitted). Thus, the public disclosure bar applies "if either Z (fraud) or both X (misrepresented facts) and Y (true facts) are [publicly] disclosed by way of a listed source." *Id*.

There has been no disqualifying "public disclosure" regarding EDMC. Numerous "courts of appeals have concluded that reports documenting a significant rate of false claims by an industry as a whole—without attributing fraud to particular firms—do not prevent a qui tam suit against any particular member of that industry." *United States ex rel. Baltazar v. Warden,* 635 F.3d 866, 868 (7th Cir. 2011) (collecting cases). Thus, the publicity regarding the "for profit" college industry at large and the articles regarding the charges against the University of Phoenix do not preclude the Relator-Plaintiffs from providing actionable information regarding alleged fraud by EDMC.

In addition, the Court is not persuaded by EDMC's argument that the Second Amended Complaint is dramatically different from the Relators' original complaint. On one end of the spectrum, in *United States ex rel. Baker v. Community Health Systems, Inc.*, 709 F.Supp.2d 1084, 1099-1100 (D.N.M. 2010), the Court held that an amended complaint that was basically a continuation of the original complaint, albeit with additional detail, would not disqualify a relator from recovering under the False Claims Act. The Court explained that the contrary position, as advocated by EDMC, "does not comport with the objective behind § 3730(e)(4), which is to prevent filings by opportunistic late-comers to a lawsuit." *Id*. On the other hand, an amended

4

complaint which sets forth a fundamentally different fraudulent scheme would not relate back in time to the original complaint. In *Rockwell Intl. Corp. v. United States*, 549 U.S. 457, 465 (2007), a relator could not recover because he alleged a flaw in a piping system, but the government only pursued a fraud claim based on unrelated conduct (a cement-to-sludge ratio) which occurred after the relator was no longer employed by Rockwell.

This case is readily distinguishable from *Rockwell* and analogous to *Baker* and *United States ex. rel. Garbe v. Kmart Corporation,* 968 F.Supp.2d 978, 990 (S.D. Ill. 2013), in which the Court concluded that more detailed allegations in an amended complaint did not constitute a new claim of fraud, but rather a continuation of the original claim. Indeed, the Relators have gone to great lengths to illustrate the fundamental consistency of the allegations and legal theories asserted by Plaintiffs in their various pleadings. (*See* Charts, ECF No. 396 Exhibits A, H). Although the Second Amended Complaint more precisely articulated the "as implemented" theory, the gravamen of Plaintiffs' case remains an alleged violation of the ICB.

The Relators also argue that EDMC should be judicially estopped from prevailing on its current argument. EDMC successfully obtained the dismissal of the ICB claims in the *Sobek* case by contending that both lawsuits alleged "identical legal claims with respect to incentive compensation" and that <u>this</u> case (the *Washington* case) was the "first filed." (*See* Civil Action No. 10-131 ECF No. 49 at 9.) In other words, EDMC advocated to the Court that the proper scope of the *Washington* case encompassed all legal claims relating to the ICB, based on the filing of the <u>original</u> Complaint on April 5, 2007. *Id*. EDMC's current positions appear difficult to reconcile with the positions it took in the *Sobek* case, but the Court need not finally resolve this issue in light of its conclusion that EDMC's motion fails on its merits.

Conclusion

EDMC's motion to dismiss the Relator-Plaintiffs as parties is without merit. There had been no prior public disclosure of fraud by EDMC, and the Plaintiffs have pursued essentially the same legal theory throughout the case. The Court need not decide whether Washington and/or Mahoney are "original sources," *United States ex rel. Barth v. Ridgedale Elec., Inc.*, 44 F.3d 699, 703 (8th Cir. 1995), or whether EDMC's current positions are inconsistent with those it took in the *Sobek* case.

In accordance with the foregoing, the MOTION TO DISMISS RELATORS' FALSE CLAIMS ACT CLAIMS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(1) (ECF No. 378) is **DENIED**.

SO ORDERED this 18th day of June, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: All counsel of record