# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | )<br>) |
| Plaintiffs, | ) Civil Action No. 2:07-cv-00461-NBF<br>) |
| v. | ) Hon. Nora Barry Fischer<br>) |
| EDUCATION MANAGEMENT CORPORATION, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |
| | ) |
| PROJECT ON PREDATORY STUDENT LENDING OF THE LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL, | )<br>)<br>) Civil Action No. 2:17-cv-210-NBF<br>) |
| Plaintiff, | ) Hon. Nora Barry Fischer<br>) |
| v. | )<br>) Electronically Filed Document |
| UNITED STATES DEPARTMENT OF JUSTICE, | )<br>) |
| Defendant. | |

## JOINT STATUS REPORT REGARDING SPECIAL MASTER APPOINTMENT

The United States of America ("United States"), Education Management Corporation, *et al.* ("EDMC"), and the Project on Predatory Student Lending of the Legal Services Center of Harvard Law School ("the Project") respectfully submit the following Joint Status Report in the above-captioned cases.

1. On February 24, 2017, this Court issued an Order requiring the Project, the United States, EDMC, and any of the Plaintiff-States that believe they have an interest at this juncture, to meet and confer and file a Joint Status Report setting forth their positions on the proposed

appointment of Judge Levie as a Special Master, including any agreements on the cost sharing of Special Master fees and the scope of the appointment. Doc. 487.

2. On February 28, 2017, counsel for the United States, EDMC, and the Project met and conferred by telephone. No Plaintiff-State elected to participate in the meet and confer.

3. The United States, EDMC, and the Project were unable to agree on the apportionment of costs. The apportionment of costs is a material issue for the United States, EDMC, and the Project. Thus, while the parties would not object in principle to the proposed scope of the appointment set forth in paragraph 1 of the Court's February 24, 2017 Order (Doc. 487) and further would not object to Judge Levie serving as Special Master, the United States, EDMC, and the Project cannot provide final consent to and reserve the right to object to the appointment of a Special Master pending the resolution of the allocation issue.

4. In light of their disagreements as to allocation, the United States, EDMC, and the Project separately set forth their positions as to scope of appointment and cost sharing below.

5. **Position of the United States and EDMC regarding Scope of Referral and Cost Sharing:** The United States and EDMC would not object to the proposed scope of appointment set forth in paragraph 1 of the Court's February 24, 2017 Order (Doc. 487), subject to the apportionment of costs. With respect to cost sharing of Special Master's fees and costs, the United States and EDMC propose that the Special Master's fees and costs be shared equally between each side to the litigation(s). Specifically, in Civil Action No. 07-461, the Project, as proposed intervenor, would be responsible for 50% of the Special Master's fees and costs, and the parties opposing intervention (the United States and EDMC), would evenly split the remaining 50% of the fees and costs. In Civil Action No. 17-210, the Project, as Plaintiff in the FOIA action, would be responsible for 50% of the Special Master's fees and costs, and the

2

United States Department of Justice, as Defendant, would be responsible for 50% of the fees and costs. For fees and costs that the Special Master determines relate to both Civil Actions, (*e.g.*, common scheduling conferences), those "common" costs would be allocated to Civil Action No. 07-461 and shared accordingly as set forth earlier in this paragraph. This proposal reflects that the Project has chosen to attempt to intervene in a closed and settled case, and has commenced separate FOIA litigation. Because the Project is one side in each case, it should be expected to bear one half of the Special Master's costs. Neither EDMC nor the United States, after having settled their differences, should be called upon to effectively fund litigation efforts that are adverse to their interests. With respect to the prior filings the Project cites, a plain reading of those materials shows that such discussions refer only to EDMC's right to recover its own litigation costs from certain requesters, not to the Project's appropriate share. Such a provision remains in the Amended Confidentiality Order:

> Third parties requesting the disclosure of Confidential Materials for commercial uses will be required to bear [EDMC's] litigation costs associated with [EDMC's] efforts to prevent the release of the Confidential Material sought by that third party. For all other third party requesters, [EDMC] shall bear [its] own litigation costs associated with [EDMC's] efforts to prevent the release of Confidential Material sought by that third party.

*See* Doc. 453 at ¶7. Except as expressly provided for in the Amended Confidentiality Order, the United States and EDMC further propose that all parties would need to agree that Special Master fees and costs will be non-reimbursable, and that no party will seek reimbursement of such costs from another party.

With respect to the Project's alternative proposal of a limited referral, the United States and EDMC object to such a limited referral, as it is not an efficient use of resources to bring a Special Master up to speed to create a case management plan that the Special Master would not then manage. EDMC further objects to the Project's proposed cost sharing for its alternative

3

referral, as such cost sharing fails to account for the fact that EDMC is not a party to the FOIA litigation.

6. **Position of the Project regarding Scope of Referral and Cost Sharing:** The Project does not oppose the proposed scope of referral in principle but cannot share in costs in the manner proposed by the United States and EDMC. The Project is a non-profit, community-based legal services organization which represents low-income clients at no cost. The overarching statutory structure of FOIA facilitates non-commercial requesters' access to information by exempting them from fees, 5 U.S.C. § 552(a)(4)(A)(iii), and reimbursing them for attorneys' fees and litigation costs when they succeed in obtaining information, *id.* § 552(a)(4)(E). The Project also believes that the prior reports and recommendations of the Special Master allocate the cost of litigating objections to the release of documents under the protective order to the objecting party. *See* Doc. 257 ¶ 7; Doc. 252-6, at 6 (citation in Government brief recognizing that FOIA was "designed . . . to mitigate such obstacles" as "court costs and attorneys fees" that "deter requesters from pursuing legitimate requests"); Doc. 252-8, at 7 (Special Master "agree[ing] with Plaintiffs that FOIA did not intend to cause smaller third parties, and particularly individuals, to pay for the litigation costs of a corporation's efforts to protect itself and its sensitive information"). Therefore, the Project does not object to a referral of the scope described by the Court, provided that it not bear the costs of that referral.

7. In the alternative, the Project proposes that the Court refer this matter to the Special Master solely to establish a case management plan, with the costs of this more limited referral to be borne equally by all three entities.

Dated: March 1, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

SOO C. SONG
Acting United States Attorney
Western District of Pennsylvania


 */s/  Christy Criswell Wiegand*
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
Western District of PA
Joseph F. Weis Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7452
Email: christy.wiegand@usdoj.gov

JAY D. MAJORS
MICHAEL D. GRANSTON
ALLISON CENDALI
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0264
Fax: (202) 514-0280
E-mail: jay.majors@usdoj.gov
*Counsel for the United States*



 */s/  Matthew R. Divelbiss*
Laura E. Ellsworth (Pa. I.D. No. 39555)
James M. Jones (Pa. I.D. No. 81295)
Matthew R. Divelbiss (Pa. I.D. No. 200510)

JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Ph: (412) 391-3939
Fx: (412) 394-7959
Email: mrdivelbiss@jonesday.com
*Counsel for EDMC*

        */s/ Amanda Savage*
Amanda Savage (admitted pro hac vice)
MA 690938
Eileen Connor (admitted pro hac vice)
MA569184
Legal Services Center of Harvard Law School
122 Boylston Street
Jamaica Plain, MA 02140
Tel.: (617) 390-2710
Fax: (617) 522-0715
asavage@law.harvard.edu

Jennifer Bennett (admitted pro hac vice)
CA 296726
Public Justice
555 12th Street, Suite 1230
Oakland, CA 94607
Tel.: (510) 622-8213
Fax: (510) 622-8155
jbennett@publicjustice.net

***Counsel for the Project***

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2017, I electronically filed the foregoing Joint Status Report using the CM/ECF system, which will send notification of such to all counsel of record.

                                                     */s/ Christy Criswell Wiegand*
                                                     CHRISTY CRISWELL WIEGAND